UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
YULY ESQUIVEL, on behalf of herself and all other
persons similarly situated,

                               Plaintiff,

-against-

THIARA LIQUORS INC. d/b/a BRIGHTWATERS
WINE & LIQUORS, BAY SHORE WINE AND LIQUOR
INC., SMITHTOWN SPIRITS, INC. d/b/a SMITHTOWN
WINE & LIQUORS, and HARVINDER THIARA,

                               Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

Case No.:

*Collective Action*

      Plaintiff, YULY ESQUIVEL ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, THIARA LIQUORS INC. d/b/a BRIGHTWATERS WINE & LIQUORS, BAY SHORE WINE AND LIQUOR INC., SMITHTOWN SPIRITS, INC. d/b/a SMITHTOWN WINE & LIQUORS, and HARVINDER THIARA (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against Defendants for failure to pay Plaintiff premium overtime wages for all hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"); failure to pay Plaintiff at least at the minimum wage rate for all hours worked, in violation of the NYLL; failure to provide accurate wage statements for each pay period under NYLL § 195(3); failure to furnish a proper wage notice at his time of hire under NYLL § 195(1); and any other claim(s) that can be inferred from the facts set forth herein.

1

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

6. Plaintiff is a resident of the County of Suffolk, State of New York.

7. Corporate Defendant, THIARA LIQUORS INC. d/b/a BRIGHTWATERS WINE & LIQUORS ("Brightwaters"), was and still is a business that operates a liquor store selling wines and spirits, with its principal place of business located at 1241 Sunrise Highway, Bay Shore, New York.

8. Corporate Defendant, BAY SHORE WINE AND LIQUOR INC. ("Bay Shore"), was a business that operated a liquor store selling wines and spirits, with its principal place of business located at 2058 Sunrise Highway, Bay Shore, New York.

9. Corporate Defendant, SMITHTOWN SPIRITS, INC. d/b/a SMITHTOWN WINE & LIQUORS ("Smithtown"), was and still is a business that operates a liquor store selling wines and spirits, with its principal place of business located at 67 Route 111, Smithtown, New York.

10. At all times relevant, Defendant Brightwaters, Bay Shore, and Smithtown (together, as "the Corporations") formed an enterprise consisting of three separate New York Corporations that operate as a single business enterprise engaged in the activity of stocking, distributing, and selling wine, spirits, and other alcoholic beverages, with centralized control of the business located at 1241 Sunrise Highway, Bay Shore, New York. The Corporations employed common management to set employees' hours and pay, namely Defendant Harvinder Thiara, and there is common ownership and financial control with respect to business revenue and employee wages across the Corporations. The Corporations also directed the work of their non-management employees, such as Plaintiff and FLSA Plaintiffs, and assigned these employees to work for the different Corporations interchangeably.

11. Indeed, the single enterprise formed by the Corporations was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in the storage, sale, and distribution of liquors, such as wines, spirits, beer, wine coolers, and other tools, equipment and products, many of which originated in states other than New York.

12. At all times relevant, Defendant Brightwaters was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

13. At all times relevant, Defendant Bay Shore was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

3

14. At all times relevant, Defendant Smithtown was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

15. The individual Defendant, HARVINDER THIARA ("Thiara"), is the owner and/or officer of the Corporations, has authority to make payroll and personnel decisions for the Corporations, and is active in the day-to-day management of the Corporations, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

16. At all times relevant, Defendant Thiara was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

## STATEMENT OF FACTS

17. Plaintiff was employed by Defendants as a cashier and stock person from in or about October 3, 2016, through June 2018, and then again from July 2019 until in or about October 21, 2021 ("the Relevant Period"). Plaintiff performed non-exempt duties for the Defendants including organizing deliveries, stocking shelves, handling inventory, and taking care of customers orders.

18. Specifically, for the period of October 3, 2016, through October 2017, Plaintiff worked at Defendant Brightwaters' location; for the period of November 2017 through May 2018, Plaintiff worked at Defendant Smithtown's location; during the period of July 2019 through July 2021, Plaintiff worked at Defendant Bay Shore's location; and finally from August 2021 through October 21, 2021, Plaintiff returned to Defendant Brightwaters' location. At all times during the Relevant Period, Plaintiff was employed by Defendant Thiara.

19. Throughout her employment with Defendants, Plaintiff and similarly situated employees regularly worked more than 40 hours in a workweek. Plaintiff was regularly scheduled to work, and did in fact work, either six or seven days per week, from 10:00 a.m. until 8:00 p.m.,

Munday through Thursday, and from 10:00 a.m. until 9:00 p.m., on Fridays and Saturdays, and occasionally from 10:00 a.m. until 5:00 p.m. on Sundays, each week that she worked, for a total of between sixty-two and sixty-nine hours per week

20. In exchange for her work, from on or about October 3, 2016 through December 2018, Defendants compensated Plaintiff at a regular rate of $8.00 per hour. From January 2019 through December 2020, Defendants compensated Plaintiff at a regular rate of $9.00 per hour. From January 2020 through December 2020, Defendants compensated Plaintiff at a regular rate of $9.50 per hour. From January 2021 through July 2021, Plaintiff was compensated at a rate of $10.00 per hour. Finally, from August 2021 through October 21, 2021, Plaintiff was compensated at a rate of $12.00 per hour.

21. Thus, throughout Plaintiff's employment, Defendants failed to compensate her at least at the then-minimum wage rate for all hours she worked. In addition, throughout Plaintiff's employment, Defendants failed to pay Plaintiff a premium of one and one-half her regular rate for time worked in excess of forty (40) hours per week.

22. At all times, Defendants compensated Plaintiff in cash for all hours worked.

23. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

24. Defendants failed to provide Plaintiff upon hire written notice in her native language of her rate of pay and other information required by Section 195(1) of the New York State Labor Law.

25. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

26. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

27. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

28. Plaintiff also brings FLSA claims on behalf of herself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, organizing deliveries, stocking shelves, handling inventory, and taking care of customers at any time during the three (3) years prior to the filing of their respective consent forms.

29. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

30. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

31. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

32. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

33. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

34. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA

with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

35. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

36. Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

37. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

38. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

39. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

40. Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

41. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

42. Defendants paid Plaintiff and FLSA Collective Action Plaintiffs less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a).

43. By Defendants' failure to pay Plaintiff and FLSA Collective Action Plaintiffs minimum wages for all hours worked they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

44. Plaintiff and any FLSA Collective Action Plaintiff who opts-in are entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

45. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

46. Defendants failed to provide Plaintiff and any FLSA Collective Action member who opts-into this action upon hire with written of their rate of pay and other information required by New York Labor Law § 195(1).

47. Plaintiff is entitled to recover statutory damages from Defendants pursuant to New York Labor Law § 198.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

48. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

49. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3). Plaintiff is entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid minimum wages, overtime wages, and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. §216(b);

(iv) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v) All attorneys' fees and costs incurred in prosecuting these claims; and

    (vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 31, 2022

                  LAW OFFICE OF PETER A. ROMERO, P.L.L.C.

                  */s/ Matthew J. Farnworth*

By: _____
Matthew J. Farnworth, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
mfarnworth@romerolawny.com

*Attorneys for Plaintiff*